**FILED**

**JANUARY 27, 2010**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

———————————————————

| | | |
|---|---|---|
| STEVEN LEIJA RODRIGUES, PRO SE, | § | |
| also known as STEVEN LEIJA RODRIGUEZ, | § | |
| TDCJ-CID No. 1321746, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0313 |
| | § | |
| RICK PERRY, The State of Texas Governor, | § | |
| RICK THALER, Director of TDCJ-CID, | § | |
| DEBRA McCARTT, Mayor of Potter County, | § | |
| RANDALL C. SIMS, District Attorney | § | |
| Potter County, and | § | |
| MIKE SHUMATE, Sheriff of Potter | § | |
| County, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff STEVEN LEIJA RODRIGUES, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges he was charged with aggravated kidnaping while on parole for an earlier conviction. He states that prior to arraignment, the aggravated kidnaping charge was dismissed and he was illegally detained in the Potter County Jail for almost a year before being arraigned on a charge of aggravated assault. He claims the arraignment took place in front of a jury and that he was then maliciously prosecuted and convicted. Plaintiff claims that, in his "arraignment trial for aggravated kidnaping the State presented extranous [sic] offenses such as aggravated asault [sic], and complainant [sic] prior convictions to the grand jurys [sic] that are interchangeable to petict [sic] jury. The outrageous misconduct by the State and trial aloud [sic]

the grand jury to hear evidence of aggravated kidnaping as aleged [sic] in the indictment that the

trial court dismiss [sic] prior to the actual arriagnment [sic]." Plaintiff claims he was not tried on

a true bill of indictment and that he was convicted by a grand jury on the lesser included charge

of aggravated assault.

Plaintiff also claims the trial court held an illegal sentencing phase trial which resulted in

a sentence of 15 years. Plaintiff says he was appointed an attorney on his direct appeal for the

purpose of assisting the misconduct of the State and Potter County governmental agencies,

allowing the appellate court to affirm the illegally obtained conviction.

Plaintiff also points out his TDCJ records list a conviction which is not his, but of a

Leonard Christopher Cantley. Plaintiff blames "TDCJ records" and the Potter County District

Attorney's office for not ensuring the mistake was corrected.

Plaintiff argues that if he is required to first pursue relief through habeas corpus, this

Court will be assisting the alleged outrageous misconduct by state authorities. Plaintiff makes

no factual allegation against defendant McCARTT.

Plaintiff requests release, damages of $80,000,000.00, and that the Court stop the

"malicious prosecution by the State Tx."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v.*

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

 The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim

presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

 To the extent plaintiff is requesting release, that claim is foreclosed by *Preiser v.*

*Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such

relief through habeas.  *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973).

 As to plaintiff's other claims for monetary and injunctive relief, all are barred by *Heck v.*

*Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), because a grant of any

such relief would imply the invalidity of plaintiff's present and/or future incarceration, falling

within the exclusive domain of habeas.  *Wilkinson v. Dotson*, 544 U.S. 74, 80-81, 125 S.Ct.

1242, 1247, 161 L.Ed.2d 253 (2005).  Thus, plaintiff's remaining claims lack an arguable basis

in law and are frivolous until the *Heck* conditions have been met.

 As earlier noted, plaintiff has made no factual allegation tying defendant McCARTT to

any aspect of his claims and, therefore, has failed to state a claim against this defendant.

---

*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Lastly, concerning the alleged error in plaintiff's prison records showing a conviction of a Leonard Christopher Cantley has been attributed to plaintiff, plaintiff has alleged no fact showing he is in any way harmed by this error in his records.  A plaintiff seeking to invoke the jurisdiction of the federal court must allege an actual case or controversy, as required by Article III of the Constitution.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1669, 1665, 75 L.Ed.2d 675 (1983)(citing *Flast v. Cohen*, 392 U.S. 83, 94-101, 88 S.Ct. 1942, 1949-1953, 10 L.Ed. 2d 947 (1968); *Jenkins v. McKeithen*, 3995 U.S. 411, 421-425, 89 S.Ct. 1843, 1848-1850, 23 L.Ed.2d 404 (1969)(opinion of Marshall, J.)).  An abstract injury is not sufficient; instead, a plaintiff must show he has a "personal stake in the outcome" by showing he has sustained or is in immediate danger of sustaining a direct injury resulting from the challenged official conduct. The injury must be real and immediate, not conjectural or hypothetical.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 103 S.Ct. 1669, 1665, 75 L.Ed.2d 675 (1983)(citations omitted). The Court does not opine that plaintiff has suffered no harm, but without an allegation of fact showing how he has been harmed, plaintiff has failed to state a claim.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff STEVEN LEIJA RODRIGUES be DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN

UNTIL THE *HECK* CONDITIONS ARE MET[3], AND WITHOUT PREJUDICE FOR

FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

     IT IS SO RECOMMENDED.


<u>INSTRUCTIONS FOR SERVICE</u>

     The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

     ENTERED THIS 27th DAY OF JANUARY, 2010.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

     Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

     Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

---

[5]*Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).